Marshall, Ch. J.,
delivered the opinion of the court. — This is an action of debt brought to recover a penalty imposed by the act, entitled “ an act to prohibit the carrying on the slave-trade from the United States to any foreign place or country.” It was pleaded in bar of the action, that the of-fence was not committed within two years previous to the institution of the-suit. To this plea, the plaintiff demurred, and the circuit court being divided-on its sufficiency, the point has been certified to this court.
In the argument, the plaintiff has rested his case on two points. He contends, 1st. That the act of congress, pleaded by the defendant, is no bar to-an action of debt. 2d. That if it be a bar, it applied only to the recovery of penalties given by acts which existed at the time of its passage.
The words of the act are, “nor shall any person be prosecuted,” &c. (1 U. S. Stat. 119.) It is contended, that the prosecutions limited by this law, are those only which are carried on in the form of an indictment or information, and not those where the penalty is demanded by an action of debt.
But if the words of the act be examined, they will be found to apply,. not to any particular mode of proceeding, but generally to any prosecution, trial or punishment *for the offence. It is not declared, that, *203 no indictment shall he found, or information filed, for any offence not capital, or for any fine or forfeiture under any penal statute, unless the same-he instituted within two years after the commission of the offence. In that case, the act would he pleadable only in bar of the particular action. But it is declared, that “ no person shall be prosecuted, tried or punished words which show an intention, not merely to limit any particular form of' action, but to limit any prosecution whatever.
It is true, that general expressions may be restrained by subsequent particular words, which show that, in the intention of the legislature, those-general expressions are used in a particular sense: and the argument is a, strong one, which contends that the latter words describing the remedy, imply a restriction on those which precede them. Most frequently, they would do so. But in the statute under consideration, a distinct member of the-sentence, describing one entire class of offences, would be rendered almost, totally useless, by the construction insisted on by the attorney for the-United States. Almost every fine or forfeiture under a penal statute, may be recovered by an action of debt, as well as by information; and to declare-that the information was barred, while the action of debt was left without limitation, would be to attribute a capriciousness on this subject to the legislature, which could not be accounted for; and to declare that the law did not apply to cases on which an action of debt is maintainable, would be to-overrule express words, and to give the statute almost the same construction which it would receive, if one distinct member of the sentence was expunged from it. In this particular case, the statute which creates the forfeiture does not prescribe the mode of demanding it; consequently, either debt or information would lie. It would be singular, if the one remedy should be barred and the other left unrestrained.
In support of the opinion that an act of limitations to criminal prosecutions can only be used as a bar, in cases declared by law to be criminal at, the time the act of limitations was passed, unless there be express words extending it to crimes to be created in future, Cunningham’s Law Diet, has-been cited. *The case in Cunningham is reported in 1 Salk, and 5 Mod., and seems to be founded on the peculiar phraseology of the statute of the 21 Jac. I., directing informations to be filed in the county in which theoffences were committed. That statute was expounded to extend only tooffences which, at the time of its passage, were punishable by law. But the words of the act of congress plainly apply to all fines and forfeitures,, under any penal act, whenever that act might pass. They are the stronger, because not many penal acts were at that time in the code.
In expounding this law, it deserves some consideration, that if it does-not limit actions of debt for penalties, those actions might, in many cases,, be brought at any distance of time. This would be utterly repugnant to-the genius of our laws. In a country where not even treason can be prosecuted, after a lapse of three years, it could scarcely be supposed, that an individual would remain for ever liable to a pecuniary forfeiture.
The court is of opinion, that it be certified to the circuit court for the-district of Massachusetts, that the issue in law joined in this oase, ought to-be decided in favor of the defendant.